Dear Executive Director, Paulsen
¶ 0 The Attorney General has received your request for an official opinion asking, in effect:
Are banks which are organized under the laws of a foreigncountry permitted, under the Oklahoma Banking Code, 6 O.S. 101(1981) et seq., as amended, to establish branch banks in thisstate?
¶ 1 Prior to the enactment of the International Banking Act of 1978 (IBA) (12 U.S.C.A. 3101-3108), there was no uniform national policy concerning foreign banking operations in this country. Foreign banks are defined under federal law as those organized under the laws of a foreign country or certain dependent territories of the United States. See, 12 U.S.C.A. 3101(7). The general purpose and policy of the IBA is, however, that foreign banks are to be treated as competitive equals with their domestic counterparts. S.Rep. No. 1073, 95th Cong., 2d Sess. 2 (1978), reprinted in 1978 U.S. Code Cong. and Ad. News 1421, quoted inConference of State, Bank Supervisors v. Conover, 715 F.2d 604,615 (D.C. Cir. 1983), cert. denied, 466 U.S. 927 (1984).
¶ 2 More specifically, 12 U.S.C.A. 3103(a) provides in pertinent part:
 Except as provided by subsection (b) of this section, (1) no foreign bank may directly or indirectly establish and operate a Federal branch outside of its home State unless (A) its operation is expressly permitted by the State in which it is to be operated.
(Emphasis added).
¶ 3 Because your question is limited to the establishment of branch banks, it is unnecessary to discuss the circumstances under which a foreign bank could establish its initial home state office in Oklahoma. Compare, Conference of State BankSupervisors, supra, at pp. 614-617. The dispositive issue, rather, is whether the Oklahoma Banking Code "expressly permit[s]" foreign branch banking in Oklahoma.
¶ 4 Branch banking in Oklahoma has been authorized by the Legislature within the parameters of 6 O.S. 501-6 O.S. 502
(1987). It is unnecessary to review the statutory branch banking scheme in detail. Suffice it to say that the authority to establish a branch bank in Oklahoma is made contingent upon having already established a "Main Bank" in Oklahoma. See, 6O.S. 501(A) and 6 O.S. 501(B) (1987). For analytic purposes, the terms "Main Bank" under state law and "home state office" are congruent concepts. The carefully delimited scope of the question posed excludes the only possible scenarios under which foreign branch banking could be permitted in Oklahoma. A review of the other provisions of the Oklahoma Banking Code discloses no other provisions which even discuss, let alone "expressly permit," foreign branch banking in Oklahoma.
¶ 5 It is, therefore, the official opinion of the AttorneyGeneral that banks which are organized under the laws of aforeign country are not permitted, under the Oklahoma BankingCode, 6 O.S. 101 (1981) et seq. as amended, to establishbranch banks in this state.
ROBERT H. HENRY ATTORNEY GENERAL OF OKLAHOMA
NED BASTOW ASSISTANT ATTORNEY GENERAL CHIEF, GENERAL COUNSEL DIVISION